**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CORNSTUBBLE, LESTER EUGENE, SR. | § | Case No. 09-01796 |
| CORNSTUBBLE, TERRY DEE | § | |
| | § | |
| Debtor(s) | § | |

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 01/22/2009 . The undersigned trustee was appointed on 01/23/2009 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of $ 100,000.25

Funds were disbursed in the following amounts:

| | | |
|---|---|---|
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 34,352.26 |
| Bank service fees | | 0.00 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 18,050.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 47,597.99 |

The remaining funds are available for distribution.

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 06/08/2009 and the deadline for filing governmental claims was 06/08/2009 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 8,250.01 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 7,347.51 , for a total compensation of $ 7,347.51 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 110.50 , for total expenses of $ 110.50 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/19/2012 By:/s/BRADLEY J. WALLER
Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**



Exhibit A

Case No: 09-01796 BB Judge: BRUCE W. BLACK
Case Name: CORNSTUBBLE, LESTER EUGENE, SR.
CORNSTUBBLE, TERRY DEE
For Period Ending: 03/19/12

Trustee Name: BRADLEY J. WALLER
Date Filed (f) or Converted (c): 01/22/09 (f)
341(a) Meeting Date: 02/19/09
Claims Bar Date: 06/08/09

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. primary residence) | 110,000.00 | 0.00 | DA | 0.00 | FA |
| 2. Checking account with First American 04. Househo | 0.00 | 0.00 | | 0.00 | FA |
| 3. Personal Injury Case (u) | 0.00 | 0.00 | | 100,000.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.25 | FA |

| | | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $110,000.00 | $0.00 | | $100,000.25 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

---

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 12/31/10 Current Projected Date of Final Report (TFR): 03/31/12

FORM 2

Page: 1

Exhibit B

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 09-01796 -BB
Case Name: CORNSTUBBLE, LESTER EUGENE, SR.
CORNSTUBBLE, TERRY DEE
Taxpayer ID No: *******7903
For Period Ending: 03/19/12

Trustee Name: BRADLEY J. WALLER
Bank Name: The Bank of New York Mellon
Account Number / CD #: *******7365 Money Market Account

Blanket Bond (per case limit): $ 5,000,000.00
Separate Bond (if applicable):

| 1<br>Transaction Date | 2<br>Check or Reference | 3<br>Paid To / Received From | 4<br>Description Of Transaction | Uniform Tran. Code | 5<br>Deposits ($) | 6<br>Disbursements ($) | 7<br>Account / CD Balance ($) |
|---|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | | 0.00 |
| 12/05/11 | 3 | Illinois Farmers Insurance Company<br>2500 South Fifth Avenue<br>Pocatello, ID 83204 | per court order of November 4, 2011<br>DEPOSIT CHECK #1686658410 | 1242-000 | 100,000.00 | | 100,000.00 |
| 12/07/11 | 001001 | Christine A. Downs, Collison & O'Connor &<br>19 S. LaSalle Street, 15th Floor<br>Chicago, IL 60603 | Per court order of November 4, 2011 | 3210-600 | | 33,333.33 | 66,666.67 |
| 12/07/11 | 001002 | Christine A Downs, Collison & O'Connor &<br>Mario Arreola Geraci Arreola & Hernandez<br>19 S. LaSalle Street<br>Chicago, IL 60603 | Per court order of November 4, 2011 | 3220-610 | | 1,018.93 | 65,647.74 |
| 12/07/11 | 001003 | Terry Dee Cornstubble<br>1802 Dallas Place<br>Joliet, IL 60433 | Per court order of November 4, 2011 | 8100-002 | | 18,050.00 | 47,597.74 |
| 12/16/11 | INT | The Bank of New York Mellon | Current Interest Rate is 0.0100% | 1270-000 | 0.25 | | 47,597.99 |
| 12/16/11 | | To Acct #*******7366 | | 9999-000 | | 47,597.99 | 0.00 |

| | Deposits | Disbursements | Balance |
|---|---|---|---|
| COLUMN TOTALS | 100,000.25 | 100,000.25 | 0.00 |
| Less: Bank Transfers/CD's | 0.00 | 47,597.99 | |
| Subtotal | 100,000.25 | 52,402.26 | |
| Less: Payments to Debtors | | 18,050.00 | |
| Net | 100,000.25 | 34,352.26 | |

Page Subtotals 100,000.25 100,000.25

FORM 2

Page: 2

Exhibit B

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 09-01796 -BB
Case Name: CORNSTUBBLE, LESTER EUGENE, SR.
CORNSTUBBLE, TERRY DEE
Taxpayer ID No: *******7903
For Period Ending: 03/19/12

Trustee Name: BRADLEY J. WALLER
Bank Name: The Bank of New York Mellon
Account Number / CD #: *******7366 Checking Account

Blanket Bond (per case limit): $ 5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 12/16/11 | | From Acct #*******7365 | | 9999-000 | 47,597.99 | | 47,597.99 |
| 01/26/12 | | Transfer to Acct #*******3002 | Bank Funds Transfer | 9999-000 | | 47,597.99 | 0.00 |

| | Deposits ($) | Disbursements ($) | Balance ($) |
|---|---|---|---|
| COLUMN TOTALS | 47,597.99 | 47,597.99 | 0.00 |
| Less: Bank Transfers/CD's | 47,597.99 | 47,597.99 | |
| Subtotal | 0.00 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 0.00 | 0.00 | |

| | | |
|---|---|---|
| Page Subtotals | 47,597.99 | 47,597.99 |

**FORM 2**



Exhibit B

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 09-01796 -BB
Case Name: CORNSTUBBLE, LESTER EUGENE, SR.
CORNSTUBBLE, TERRY DEE
Taxpayer ID No: *******7903
For Period Ending: 03/19/12

Trustee Name: BRADLEY J. WALLER
Bank Name: Congressional Bank
Account Number / CD #: *******3002 Checking Account
Blanket Bond (per case limit): $ 5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/26/12 | | Transfer from Acct #*******7366 | Bank Funds Transfer | 9999-000 | 47,597.99 | | 47,597.99 |

| | Deposits | Disbursements | Balance |
|---|---|---|---|
| COLUMN TOTALS | 47,597.99 | 0.00 | 47,597.99 |
| Less: Bank Transfers/CD's | 47,597.99 | 0.00 | |
| Subtotal | 0.00 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 0.00 | 0.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Money Market Account - ********7365 | 100,000.25 | 34,352.26 | 0.00 |
| Checking Account - ********7366 | 0.00 | 0.00 | 0.00 |
| Checking Account - ********3002 | 0.00 | 0.00 | 47,597.99 |
| | ------------------------ | ------------------------ | ------------------------ |
| | 100,000.25 | 34,352.26 | 47,597.99 |
| | ============== | ============== | ============== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 47,597.99 0.00

*

ANALYSIS OF CLAIMS REGISTER

Date: March 19, 2012

Case Number: 09-01796
Debtor Name: CORNSTUBBLE, LESTER EUGENE, SR.

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 200<br>2200-00 | BRADLEY J. WALLER<br>2045 ABERDEEN COURT<br>SYCAMORE, IL 60178 | Administrative | | $110.50 | $0.00 | $110.50 |
| 200<br>2100-00 | BRADLEY J. WALLER<br>2045 ABERDEEN COURT<br>SYCAMORE, IL 60178 | Administrative | | $7,347.51 | $0.00 | $7,347.51 |
| 1<br>610<br>7100-00 | Roundup Funding, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | Unsecured | | $160.70 | $0.00 | $160.70 |
| 2<br>610<br>7100-00 | PYOD LLC its successors and assigns<br>as assignee of<br>MHC Receivables, LLC,c/o Resurgent<br>Capital Services,PO Box 19008<br>Greenville, SC 29602 | Unsecured | | $473.12 | $0.00 | $473.12 |
| 3<br>610<br>7100-00 | Wells Fargo Bank, N.A.<br>4137 121st Street<br>Urbandale, IA 50323 | Unsecured | | $2,417.08 | $0.00 | $2,417.08 |
| 4<br>610<br>7100-00 | Wells Fargo Bank, N.A.<br>4137 121st Street<br>Urbandale, IA 50323 | Unsecured | | $3,603.33 | $0.00 | $3,603.33 |
| 5<br>610<br>7100-00 | CitiFinancial Services Inc.<br>P.O. Box 140489<br>Irving, TX 75014-0489 | Unsecured | | $10,166.71 | $0.00 | $10,166.71 |
| 6<br>610<br>7100-00 | STATE FARM MUTUAL AUTO INS<br>LAW OFFICES OF JAMES M ODEA<br>10707 W 159TH ST<br>ORLAND PARK, IL 60467 | Unsecured | | $65,392.09 | $0.00 | $65,392.09 |
| | Case Totals: | | | $89,671.04 | $0.00 | $89,671.04 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-01796
Case Name: CORNSTUBBLE, LESTER EUGENE, SR.
CORNSTUBBLE, TERRY DEE
Trustee Name: BRADLEY J. WALLER

| | | |
|---|---|---|
| Balance on hand | $ | 47,597.99 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BRADLEY J. WALLER | $ 7,347.51 | $ 0.00 | $ 7,347.51 |
| Trustee Expenses: BRADLEY J. WALLER | $ 110.50 | $ 0.00 | $ 110.50 |

| | | |
|---|---|---|
| Total to be paid for chapter 7 administrative expenses | $ | 7,458.01 |
| Remaining Balance | $ | 40,139.98 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 66,025.91 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 60.8 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Roundup Funding, LLC | $ 160.70 | $ 0.00 | $ 97.70 |
| 2 | PYOD LLC its successors and assigns as assignee of | $ 473.12 | $ 0.00 | $ 287.63 |
| 6 | STATE FARM MUTUAL AUTO INS | $ 65,392.09 | $ 0.00 | $ 39,754.65 |

Total to be paid to timely general unsecured creditors $ 40,139.98

Remaining Balance $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE